UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS S. GENDJAR & SANDI L.
GENDJAR,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP et al.,

    Defendants.
_____/

Case No. 11-14557

HONORABLE ARTHUR J. TARNOW
SENIOR U.S.DISTRICT JUDGE

### ORDER OF DISMISSAL

This case involves Plaintiffs' Complaint challenging the foreclosure of their former property. The Complaint was removed to this Court from the Oakland County Circuit Court on October 17, 2011. Defendants filed a Motion to Dismiss [5] on October 24, 2011. Plaintiffs failed to file a response to Defendants' Motion. On November 30, 2011, the Court issued an Order to Show Cause [6] due to Plaintiffs' failure to respond. Plaintiffs filed a Response [7], which is now before the Court.

The response simply states that Plaintiffs hoped that the matter would be resolved by December 2, 2011, but it was not. Local Rule 7.1(e)(1)(B) provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." Plaintiffs' counsel fails to recognize that the response to Defendants' Motion to Dismiss [5] was due well before December 2, 2011. Plaintiffs' counsel requests that the Court dismiss the show cause order. The Court declines to do so.

On December 19, 2011, Plaintiffs filed a Response [8] to the Motion to Dismiss [5]. Defendants filed a Reply [9] on December 29, 2011. After a review of the filings in this case, the Court concludes that Defendants' Motion to Dismiss [5] must be granted. Therefore, the Show

Cause Order [6] will not be vacated, and the Plaintiffs' claims are dismissed due to a lack of standing.

Standing to pursue a claim is a threshold question in every federal case. *Warth v. Seldin*, 422, U.S. 490, 498 (1975). "The burden of establishing standing is on the party seeking federal court action." *Rosen v. Tennessee Comm'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). A plaintiff must meet Article III and prudential standing requirements to proceed with his case. *Wuliger v. Mfrs. Life Ins. Co.*, 567 F.3d 787, 793 (6th Cir. 2009).

To establish Article III, constitutional standing, a plaintiff must show:

(1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (quoting *Am. Civil Liberties Union of Ohio, Inc. v. Taft*, 385 F.3d 641, 645 (6th Cir. 2004)).

As Defendants note, Michigan law provides that a former owner of foreclosed property loses all rights, title, and interest in the property once the redemption period expires. *NAFSO v. Wells Fargo Bank, NA.*, No. 11-10478, 2011 WL 1575372, at *2 (E.D. Mich. April 26, 2011); *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). "[O]nly a strong showing of fraud or irregularity can undo the sale." *Brezzell v. Bank of America, N.A.*, No. 11-11467, 2011 WL 2682973, at *4, (E.D. Mich. July 11, 2011) (citing *Overton*, 2009 WL 1507342, at *1).

Here, Plaintiffs' former property was purchased by Bank of America, NA ("BANA") on February 8, 2011 as a result of a foreclosure sale. Plaintiffs had six months from the date of the foreclosure to redeem the property–until August 8, 2011. Plaintiffs filed this lawsuit on August 8,

2011–the same day the redemption period expired. The August 8th filing did not toll the redemption period. *Overton*, 2009 WL 1507342, at *1 (holding that the filing of a lawsuit the day the redemption period expired does not toll the period because the plaintiff was "required to raise the arguments when foreclosure proceedings began"). "Once the redemption period expired, all of [Plaintiffs'] rights in and title to the property were extinguished." *Id.* Plaintiff has failed to set forth a "strong showing of fraud or irregularity warranting a set aside of the foreclosure. *See Brezzell*, 2011 WL 2682973, at *4. Therefore, Plaintiffs lack standing to challenge the foreclosure and their claims shall be dismissed.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss [5] is **GRANTED**. Plaintiffs' claims are **DISMISSED**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: January 17, 2012

---

### CERTIFICATE OF SERVICE

I hereby certify on January 17, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 17, 2012: **None.**

s/Michael E. Lang
Deputy Clerk to
District Judge Arthur J. Tarnow
(313) 234-5182