UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS S. GENDJAR & SANDI L.
GENDJAR,

    Plaintiffs,

v.

BAC HOME LOANS SERVICING, LP et al.,

    Defendants.
_____/

Case No.  11-14557

HONORABLE ARTHUR J. TARNOW
SENIOR UNITED STATES
DISTRICT JUDGE

### ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [12]
### AND
### TERMINATING AS MOOT DEFENDANTS' MOTION FOR LEAVE
### TO FILE A RESPONSE [13]

Now before the Court is Defendant's Motion for Reconsideration [12] and Defendants' Motion for Leave to File a Response [13] to Plaintiffs' Motion.

Local Rule 7.1(h)(1) provides that:

> A motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order.

LR 7.1(h)(1).

In order to be timely, Defendant's Motion for Reconsideration should have been filed within 14 days of entry of the Court's Order [10] Granting Defendants' Motion to Dismiss. The Court's Order [10] was entered on January 17, 2011. Plaintiffs' Motion for Reconsideration [12] was not filed until March 28, 2012–months after the case was closed. Plaintiffs' Motion for Reconsideration [12] is, therefore, untimely.

The Court finds no reason to overlook Plaintiffs' untimeliness. In fact, the Court notes that Plaintiffs have shown a pattern of disregard for the Court rules, specifically with respect to

deadlines.  *See* Show Cause Order [6].

In addition to being untimely, Plaintiffs' have failed to set forth a substantive reason to grant the Motion.  Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003) (A motion for reconsideration is granted only "if the movant demonstrates that the district court and the parties have been misled by a palpable defect, and correcting the defect will result in a different disposition of the case").  "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest or plain."  *Fleck v. Titan Tire Corp.*, 177 F. Supp. 2d 605, 624 (E.D. Mich. 2001) (internal citations omitted).  "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

Plaintiffs' Motion is not only untimely; it fails to demonstrate a palpable defect in this Court's order.  Plaintiffs would like this Court to allow the case to proceed simply because the claims are difficult to prove.  Plaintiffs have not identified any case law to support the argument that a palpable defect exists because the case is difficult to prove.  Plaintiffs' Motion is woefully inadequate.  Because Plaintiffs have not shown a palpable defect, the correction of which would result in a different disposition of the case, the Motion must be denied.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Reconsideration [12] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File a Response [13] is **TERMINATED AS MOOT**.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: May 23, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 23, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant