UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS S. GENDJAR & SANDI L.
GENDJAR,

       Plaintiffs,                    Case No.  11-14557

v.                                HONORABLE ARTHUR J. TARNOW
                                     SENIOR UNITED STATES
BAC HOME LOANS SERVICING, LP et al.,   DISTRICT JUDGE

       Defendants.
_____/

ORDER DENYING PLAINTIFFS' MOTION FOR
TEMPORARY RESTRAINING ORDER [15]

This action was removed to this Court on October 17, 2011.  Plaintiff's claims were dismissed and the case was closed on January 17, 2012.  Order [10]; J. [11].  Months after the case was closed, Plaintiffs filed an untimely and meritless Motion for Reconsideration [12].  On May 22, 2012, Plaintiffs also filed a Motion for Temporary Restraining Order [15], which is now before the Court.

Courts are to consider "the same factors considered in determining whether to issue a TRO or a preliminary injunction."  *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008) (quoting *Ne. Ohio Coal. for Homeless & Serv. Emps. Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)).  The moving party has the "burden of proving that the circumstances clearly demand [a TRO]."  *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

When evaluating a motion for preliminary injunction, the Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would

1

cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Bonnell v. Lorenzo*, 241 F.3d 800, 809 (6th Cir. 2001) (quoting *Rock & Roll Hall of Fame v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir. 1998)).

No single factor is controlling of the outcome, although if "there is simply no likelihood of success on the merits" that is usually "fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Plaintiffs' Motion for Temporary Restraining Order [15] must be denied for two reasons: 1) the case is closed and 2) Plaintiffs have failed to provide any factual or legal support to warrant the relief they request.  Plaintiffs' motion brief consists of this lone paragraph of analysis:

> Plaintiffs rely on Fed. R. Civ. P. 65(b)(1).and LR 65.1and <u>Brown v. Kalamazoo Circuit Judge,</u> 75 Mich 274 at 284, (1988), <u>In re Estate of Swantek,</u> 172 Mich App 509, 517; 432 NW2d 307 (1988) and <u>Mitchell v Dahlberg</u> 215 Mich App 718, 547 NW2d 74 (1996), quoting <u>Senters v Ottawa Savings Bank,</u> FSB, 443 Mich. 45, 56-57; 5-3 NW2D 639 (1999) for their Motion for Temporary Restraining Order.

Pls' Mot. [15], at 6.  Plaintiffs do not explain the relevance of the cases cited or how they apply to the case at hand.  Plaintiffs do not discuss how these cases or any facts of the case meet the standards to issue a temporary restraining order.  Plaintiffs' Motion for Temporary Restraining Order [15], like their Motion for Reconsideration [12], is utterly inadequate.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for Temporary Restraining Order is **DENIED**.

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: May 23, 2012          Senior United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on May 23, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant